RAMÓN PÉREZ LUGO, demandante y apelado, *v.* JOAQUÍN DÍAZ, demandado y apelante.

No. 6125.—*Sometido:* Julio 26, 1932. *Resuelto:* Julio 29, 1932.

*L. A. López de Victoria,* abogado del apelante; *M. A. García Méndez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Ramón Pérez Lugo obtuvo sentencia para recobrar

la posesión de cierta propiedad inmueble. Él nos pide que desestimemos la apelación entablada contra esa sentencia.

Han transcurrido más de seis meses desde la radicación del escrito de apelación. El apelante explica que inmediatamente después de haber radicado aquél, solicitó que se dictara la orden correspondiente para que el taquígrafo preparara la transcripción de la evidencia, satisfizo sus honorarios, y en distintas ocasiones ha pedido al taquígrafo que ultime la transcripción. El taquígrafo, en una declaración jurada que ha radicado el apelante, manifiesta, en síntesis, que no le ha sido posible llegar a este caso en el orden cronológico de las transcripciones pendientes. El apelante es el comprador en la venta con pacto de retro en controversia. Si el apelado no compra nuevamente la propiedad en o antes del primero de octubre, el apelante estará entonces en condiciones de aducir una nueva reclamación al derecho de posesión. Este tribunal se declarará en receso el 30 de julio para volver a reunirse el primer lunes de noviembre. Si el juez de distrito hubiera denegado una moción solicitando que se ordenara al taquígrafo que diera preferencia a esta transcripción, el apelante habría estado en mejor posición. Si tal moción hubiera sido presentada y declarada con lugar, la transcripción habría sido radicada dentro de los noventa días prescritos por el Reglamento de este tribunal, y el caso podría haber sido señalado para verse antes de entrar en vacaciones.

En respuesta a la alegación de que el recurso es frívolo, el apelante dice que su primera contención será que la corte de distrito erró al apreciar la prueba. No se revocan con frecuencia fallos por este fundamento, y no tenemos motivo alguno para creer que la sentencia en este caso sería revocada.

El apelante también dice que en 1930 Ramón e Isabel Pérez Rodríguez, hijos de Ramón Pérez Lugo, instaron un procedimiento similar contra el demandado, aquí apelante,

con respecto a la misma propiedad y basado en los mismos fundamentos que los invocados por el aquí demandante Ramón Pérez Lugo; que dicho procedimiento, luego de un juicio sobre los méritos, fué desestimado en diciembre de 1930; que no se apeló de la sentencia; que el referido procedimiento fué entablado con la aquiescencia y cooperación de Ramón Pérez Lugo, quien personalmente radicó la demanda, declaró como testigo de la parte demandante, y aunque no fué designado como parte, era en realidad parte en aquel procedimiento, toda vez que el mismo fué incoado a fin de darle posesión de la propiedad como arrendatario de sus hijos, siendo ése el fin del presente procedimiento; que el interés del demandante en este caso es común e idéntico al de sus hijos; que el aquí demandante está impedido por el resultado del caso anterior; y que esto fué alegado por vía de defensa en la corte inferior, pero el juez de distrito no admitió evidencia en apoyo de la misma y la desestimó, anotando excepción el demandado. Nada hay que demuestre la naturaleza de la defensa por virtud de la cual al demandado le fué posible salir victorioso en el procedimiento anterior. Fuera de la relación de hechos arriba expuesta, nada hay que demuestre sobre qué teoría el juez de distrito excluyó la evidencia en apoyo de la alegación de impedimento que hizo el aquí demandado y "desestimó" la defensa. No hay *affidavit* de méritos, ni una relación bastante de los hechos, amén de la ley aplicable a ellos, que puedan colocar a esta corte en posición de determinar qué posibilidad pueda haber para una revocación, si es que ha de haberla. La sentencia apelada se presume correcta, y la relación que hace el apelante de los motivos en que se fundó, más bien que todo lo contenido en la moción para desestimar, indica que la apelación es frívola.

Ya sea frívolo el recurso o no, la probabilidad de que se le ocasionen al apelado serios inconvenientes e injusticas a causa de una negativa a desestimar, sobrepuja la remota

posibilidad de cometer alguna leve injusticia con el apelante al desestimarle su recurso por haber dejado de radicar la transcripción de la evidencia.

*Debe desestimarse la apelación.*